UNITED STATES *v.* DURBROW & HEARNE MANUFACTURING CO.
(No. 1255).[1]

STRAW-SEWING MACHINES.

The goods are straw-sewing machines and they were imported for the use of the Boston Trade School for Girls. The case is ruled by United States *v.* Kastor & Bros. (6 Ct Cust. Appls., 52; T. D. 35323).

## United States Court of Customs Appeals, April 14, 1915.

APPEAL from Board of United States General Appraisers, Abstract 33236 (T. D. 33668).

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, on the brief), for the United States.
*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This is an importation of a straw-sewing machine imported for the use of the Boston Trade School for Girls. They were assessed for duty as sewing machines, paragraph 197 of the tariff act of 1909, and free entry is claimed therefor under the provisions of paragraph 650 of said act, which reads:

650. Philosophical and scientific apparatus, utensils, instruments, and preparations, including bottles and boxes containing the same, specially imported in good faith for the use and by order of any society or institution incorporated or established solely for religious, philosophical, educational, scientific, or literary purposes, or for the encouragement of the fine arts, or for the use and by order of any college, academy, school, or seminary of learning in the United States, or any State or public library, and not for sale, subject to such regulations as the Secretary of the Treasury shall prescribe.

It is admitted that the regulations of the Treasury Department have been complied with, and, for the reasons stated in United States *v.* Kastor & Bros. (6 Ct. Cust. Appls., 52; T. D. 35323), this day decided, the decision of the Board of General Appraisers is *affirmed*.

---

### DISSENTING OPINION.

BARBER, Judge: I am unable to concur with the majority of the court in the disposition of this case.

The record indicates that these sewing machines are not unlike those in ordinary use, except that they make what is called "the invisible stitch." It is conceded that the Boston Trade School is

---

[1] Reported in T. D. 35324 (28 Treas. Dec., 626).

an educational institution and that therein girls are taught to use the machine. The following paragraph taken from the evidence shows the part the machine plays in their education:

The school conducts principally four courses, namely, millinery, dressmaking, straw machine operating, and clothing machine operating, and this machine is used in connection with teaching on the straw machine operating. It is asked for particularly because a considerable number of girls who are educated in that school have gone in the straw machine operating shop, where they require them to know something about the operation of a machine with a concealed stitch, and we desire this machine to teach them how to run a machine of that character.

The opinion of the Board of General Appraisers in this case is as follows:

In this case a straw sewing machine imported by the Boston Trade School for Girls was assessed for duty under paragraph 197 of the tariff act of 1909 as a sewing machine and is claimed to be free of duty under paragraph 650 as scientific apparatus. Counsel for the Government at the hearing of this case admits that the machine is for an educational institution and is to be used for educational purposes, and further that all the requirements of the regulations of the Secretary of the Treasury have been complied with. See E. H. Sargent & Co.'s case, G. A. 5532 (T. D. 24902). The protest is sustained and the collector directed to reliquidate the entry accordingly.

I have quoted this opinion in full because to my mind it points unerringly to the results which will follow the opinion of the court in this and the case of the United States v. Kastor & Bros., concurrently decided. Hereafter if an article is imported for *use* in teaching in an *educational* institution it will be entitled to free entry, if the regulations of the Secretary of Treasury are complied with, without regard to whether it is or is not a philosophical or scientific apparatus, utensil, or instrument.

In this case sewing machines are *eo nomine* provided for in paragraph 197 of the act, which fact alone, I think, requires that the assessment of the collector be sustained.

For reasons stated in my dissenting opinion in the Kastor case, I would reverse the judgment of the Board of General Appraisers.